# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IDALBERTOS PEREZ RAMOS,<br>Petitioners,<br>v.<br>CALIFORNIA CITY WARDEN,<br>Respondents. | Case No. 1:26-cv-04507-KES-SAB-HC<br><br>FINDINGS AND RECOMMENDATION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS AS MOOT AND TERMINATE RESPONDENTS' MOTION TO DISMISS<br><br>(ECF Nos. 1, 6) |

Petitioner is proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## I.

## BACKGROUND

On June 11, 2026, Petitioner filed a petition for writ of habeas corpus challenging his immigration detention. (ECF No. 1 at 6–17.[1]) On July 6, 2026, Respondents filed a motion to dismiss the petition "because it will interfere with the government's ability to immediately execute Petitioner's final order of removal." (ECF No. 6 at 1.) On September 10, 2026, Respondents filed a status report that Petitioner was removed to Mexico on July 30, 2026. (ECF No. 8.)

///

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

## II.

## DISCUSSION

Article III of the United States Constitution limits the jurisdiction of federal courts to "actual, ongoing cases or controversies." Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings," which "means that, throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" Spencer v. Kemna, 523 U.S. 1, 7 (1998) (quoting Lewis, 494 U.S. at 477).

In the petition, Petitioner challenged his immigration detention. (ECF No. 1.) On July 30, 2026, Petitioner departed the United States. (ECF No. 8.) As Petitioner is no longer in federal immigration detention, the Court finds that no case or controversy exists and the petition is moot. See Abdala v. I.N.S., 488 F.3d 1061, 1065 (9th Cir. 2007) (holding habeas petition challenging length of immigration detention was moot because "there was no extant controversy for the district court to act upon" when petitioner was subsequently deported, "thereby curing his complaints about the length of his INS detention").

## III.

## RECOMMENDATION

Based on the foregoing, the Court HEREBY RECOMMENDS that:

1. The petition for writ of habeas corpus be DISMISSED as moot; and
2. Respondents' motion to dismiss (ECF No. 6) be TERMINATED.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **FOURTEEN (14) days** after service of the Findings and Recommendation, any party may file written objections with the Court, **limited to fifteen (15) pages in length, including any exhibits**. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days

after service of the objections. The assigned District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **September 21, 2026**

STANLEY A. BOONE
United States Magistrate Judge